**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| DR. TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS LLC <br><br> *Plaintiffs,* <br><br> v. <br><br> SKANDA GROUP OF INDUSTRIES, LLC <br><br> *Defendants.* | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT**

Plaintiffs DR. TALBOTS' PHARMACEUTICALS FAMILY PRODUCTS LLC (Plaintiffs), name as Defendant herein, SKANDA GROUP OF INDUSTRIES, LLC.

**THE PARTIES**

1. Plaintiff DR. TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS LLC is a Limited Liability Company organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2. Upon information and belief, Plaintiff avers that Defendant SKANDA GROUP OF INDUSTRIES, LLC is a Limited liability Company organized and existing under the laws of the State of the State of California having its principal place of business at 2029 Century Park East, Suite 400, Los Angeles, California 90067, as shown on their billing invoice to Plaintiff.

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

3. This is a civil action for breach of contract committed by Defendants in the promotion, advertising, marketing, distribution, offer for sale and sale, of products over the internet and through the U.S. Mail. Plaintiffs seek damages, and all costs of this proceeding.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendants because (i) Plaintiffs' claims arise in whole or in part out of Defendants' purposeful and intentional conduct in Louisiana and this Judicial District, (ii) Defendants advertise, promote, market, distribute, offer for sale and upon information and belief sell products to residents of Louisiana and are therefore doing business in the State of Louisiana including this Judicial District, (iii) Defendant entered into a contract with Plaintiffs, knowing it is a Louisiana company, and Plaintiff, as a party to a contract, entered into same in Louisiana, thus jurisdiction is available in this Honorable Court. Defendants are subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S. § 13:3204, by virtue of the fact that Defendants have availed themselves of the privilege of conducting and soliciting business within this State, such that it would be reasonable for this Court to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

6. Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the property that is the subject of the action is situated, in the State of

Louisiana and this Judicial District, and the Court has personal jurisdiction over these Defendants.

## STATEMENT OF FACTS

7. Plaintiff has been in business as a seller of innovative, high quality and attractive cosmetic and non-prescription medical products and has its headquarters in Monroe, Louisiana, where they conduct most of their business, maintain their corporate books and records, and where most of the employees, officers and directors are located.

8. Defendant is domiciled in the State of California and must be served under the provisions of the Louisiana Long Arm Statute.

## CLAIM I

9. Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

10. Plaintiff avers that it entered into a contract with Defendant for said Defendant to sell to Plaintiff one million masks for the sum of $1.80 per mask under the specific condition that said masks would be delivered within a specified period to time to Plaintiff and Plaintiff paid in full in advance for said masks; however, Defendant was unable to deliver the masks timely to Plaintiff's customer in Texas and so the customer advised it would not take the order since it could not get the whole one million masks timely; however the Defendant persuaded the Texas customer to take 250,000 and they were shipped directly from the Defendant to Plaintiff's customer with the result that Plaintiff never saw the 250,000 delivered masks to the customer in Texas.

11. It is further significant that before Plaintiff ever agreed to purchase the masks in question Plaintiff demanded to see the different types of masks and the Defendant sent four different

types of masks and tried to persuade the Plaintiff to choose the one known as the "Daddybaby" mask, but Plaintiff rejected that mask and insisted on the KN95 mask and Plaintiff agreed that they would be the masks sent.

12. Plaintiff avers that despite it being made clear it did not want the "Daddybaby" mask Defendant had urged it to accept, Defendant not only sent Plaintiff 750,000 of said unwanted "Daddybaby" masks instead on the KN95 masks Plaintiff ordered, but when the 750,000 masks arrived at Plaintiff's domicile, Plaintiff discovered for the first time that the Defendant had not only sent the wrong masks ,i.e., the "Daddybaby" masks but that they came in two different sizes "Large" and "Medium,", not at all as the Defendant had stated they were; therefore, Plaintiff's representative Joseph H. Hakim immediately contacted Defendant via phone and e-mail and demanded the company's money back it had paid Defendant plus the cost of freight, pointing out that Defendant not only intentionally and fraudulently sent the type of mask that Defendant tried to make Plaintiff accept knowing full well when they were sent that were not if fact what was ordered by Plaintiff but also sent same in two different sizes, done by Defendant for the obvious purpose of trying to perpetuate a fraud on Plaintiff in sending the masks Defendant was trying to get rid of instead of what was ordered.

13. Plaintiff avers that upon hearing Plaintiff's demand, Defendant assured Plaintiff he could obtain a buyer for said masks in a matter of a couple of days and that Plaintiff would make a reasonable profit on same, but Defendant never did so; thus Plaintiff has not been able to sell the "Daddybaby" type unwanted mask at all, with the result Plaintiff has suffered a loss of what it paid for said masks to Defendant, namely $1.80 per mask for the 750,000 masks, totaling the sum of $1,350,000 plus the cost of freight of said masks figured at forty cents per mask, for the additional sum of $300,000, for all of which it desires and is entitled to judgment

against said Defendant in the amount of $1,650,000 with legal interest thereon until paid and for all costs of this suit; in addition, Plaintiff had a sale for the originally ordered mask which the Defendant could not deliver timely for Plaintiff to execute said sale of said masks for the sum of $2.95 per mask for the sum of $2,012,000 and Plaintiff thus lost a profit made over billed cost and freight cost of 75 cents per mask, namely the sum of $562,500, for which Plaintiff claims it is entitled to Judgment against said Defendant in addition to the $1,650,000 claimed hereinabove, with legal interest thereon until paid and for all costs of this proceeding.

14. Plaintiff further avers that because of the fraudulent intent of the Defendant to sell unwanted masks it obviously needed to dispose of thus sending same to Plaintiff intentionally, Defendant took advantage of the COVID-19 situation thinking it could slip them by the Plaintiff out of need, thus committing fraud and the necessity for filing of this lawsuit and the incurrence of attorney fees and cost, with the result that Plaintiff is entitled to and desires Judgment against the Defendant for attorney fees and all associated cost incurred due to the aforesaid behavior of the defendant in addition to all other claims set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants and grant the following relief:

A.   For judgment awarding actual damages to Plaintiffs as proven at trial of this action together with legal interest from date of judicial demand until paid and all costs of this lawsuit.

B.   For judgment awarding such other and further relief to which Plaintiff is entitled or the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Date:  27st day of May 2020.                    Respectfully submitted,

                                                 By: *Joe D. Guerriero/s/*
                                                 Joe D. Guerriero
                                                 Louisiana State Bar No. 06391
                                                 3030 Aurora Ave., 2nd Floor
                                                 Monroe, Louisiana 71201
                                                 Telephone:  (318) 338-3603
                                                 Facsimile:  (318) 388-5892
                                                 Email:  joed@nuby.com
                                                 *Counsel for Plaintiff*
                                                 DR. TALBOTS'
                                                 PHARMACEUTICALS FAMILY
                                                 PRODUCTS LLC

PLEASE SERVE:

SKANDA GROUP OF INDUSTRIES, LLC
VIA LOUISIANA LONG ARM
2029 Century Park East, Suite 400
Los Angeles, CA 90067